UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ELMER WEBB, SR.,          )
                          )
        Plaintiff,        )
                          )
    v.                    )    No. 4:09CV00146 ERW
                          )
TRINITY FULL GOSPEL MINISTRIES, )
                          )
        Defendant.        )

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Elmer Webb, Sr. for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff brings this action for trespass against Trinity Full Gospel Ministries. He seeks monetary and injunctive relief. At the outset, the Court notes that plaintiff has failed to state the jurisdictional grounds for filing this action in federal court. The Court will liberally construe the complaint as having been brought pursuant to 28 U.S.C. § 1332.[1] Plaintiff states that both he and defendant reside in the State of Missouri. As such, the Court concludes that this action should be dismissed, without prejudice, for lack of federal-court subject matter jurisdiction. Although the amount in controversy exceeds $75,000, complete diversity of citizenship is lacking in that both plaintiff and defendant are stated to be Missouri residents. *See* 28 U.S.C. § 1332.

---

[1] The instant action does not arise under the Constitution, laws, or treaties of the United States, and thus, federal question jurisdiction pursuant to 28 U.S.C. § 1331 is inapplicable. In addition, the named defendant is not a state actor, and thus, there can be no cause of action under 42 U.S.C. § 1983.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the Court lacks jurisdiction over this action. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED** as moot.

An appropriate order of dismissal shall accompany this order and memorandum.

So Ordered this 11th Day of February, 2009.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE